UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**SAI R. NEESH**,

Plaintiff,

vs.                                                      Civ **No. 12-0571 LH/ACT**

**CHASE MANHATTAN MORTGAGE
CORPORATION, CHASE HOME
FINANCE LLC, AND ALL PERSONS
CLAIMING BY THROUGH OR UNDER
SUCH PERSON, ALL PERSONS
UNKNOWN, CLAIMING ANY LEGAL OR
EQUITABLE TITLE, ESTATE, LIEN OR
INTEREST IN THE PROPERTY
DESCRIBED IN THE COMPLAINT
ADVERSE TO PLAINTIFF'S TITLE
THERETO, AND DOES 1 TO 20, INCLUSIVE,**

Defendants.

### MEMORANDUM OPINION AND ORDER DISMISSING CASE

THIS MATTER comes before the Court on Defendant Chase Home Finance LLC's *Motion to Dismiss*, filed July 5, 2012 [Doc. 7], and on their *Motion to File Surreply*, filed November 13, 2012 [Doc. 13]. The Defendant contends that, because there is a pending foreclosure action between the parties involving the same property that is at issue in this case, this Court must abstain from exercising its jurisdiction under the abstention doctrines set forth in *Younger v. Harris,* 401 U.S. 37, 54 (1971), and/or *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817-18 (1976). *Pro-se* Plaintiff Sai R. Neesh did not address this argument in her response, but she argued in an "Affidavit" that she filed after Defendant's Reply that the state court case and the instant case are "completely different and separate cases" with different complaints and parties.

(Doc. 35, at ¶ 4.)  Because the Court agrees that *Younger* abstention forecloses the exercise of its

jurisdiction over this case, the Court will grant the motion to dismiss.

## I.  Procedural and Factual Background

Plaintiff brought this suit for an allegedly wrongful foreclosure and fraud and to quiet title

and obtain declaratory relief on May 25, 2012, twenty-five days after a New Mexico state district

court entered an order entitled "Summary, Stipulated, and Default Judgment, Decree of Foreclosure

and Appointment of Special Master" in *Chase Home Finance, LLC v. Neesh,* No. D-1116-CV-2011-

00593 (May 1, 2012 11th Jud. Dist. Ct., San Juan County, N.M.).  (*See* Doc. 9-4, Ex. D.)  The state

district court's Order rejected Neesh's arguments that Chase Home Finance was not the holder in

due course of the mortgage and granted judgment in favor of Chase Home Finance, adjudicated the

amounts owed on the related promissory note, and granted foreclosure on the mortgage securing that

note.  (*See id.*); (*see also* Doc. 33-1, Ex. A).  On appeal, the New Mexico Court of Appeals proposed

summary reversal, stating that it appeared that a genuine issue of material fact exists regarding

whether Chase Home Finance has merged with Chase Manhattan Mortgage Corporation.  (*See* Doc.

22-1, Ex. A at 6.)

In his prayer for relief in the case at bar, Plaintiff seeks a declaratory judgment providing

rulings that, *inter alia*, "No Defendant has the legal right to foreclose on Plaintiffs' property;" "No

Defendant has an enforceable secured or unsecured claim against the property;" "the original

Mortgage is null and void due to the fact that the Note it was created to secure has been sold to third

parties without any assignment of the Mortgage to those parties," and "the assignment of the

Mortgage by CHASE HOME FINANCE, LLC, to any party or legal entity is invalid."  (Compl. at

24-26.)

## II.  Applicable Legal Standards

Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a district court to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Such dismissal is not a judgment on the merits of the plaintiff's case; rather, it is a determination that the court lacks authority to adjudicate the matter. *See Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 800 (10th Cir. 2000) (noting that, when a district court does not have subject-matter jurisdiction over a case, it lacks "jurisdiction to address the issues presented on the merits"). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). But this Court also "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts," and the Court's "reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (internal quotation marks omitted).

> "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Taylor*, 126 F.3d at 1297. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances. *See Seneca-Cayuga Tribe of Okla. v. State of Oklahoma ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989)

*Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir.1999). "*Younger* abstention is jurisdictional" and should be addressed "at the outset because a determination that the district court lacked jurisdiction over a claim moots any other challenge to the claim, including a different jurisdictional challenge." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228-29 (10th

Cir. 2004).

## III.  Analysis

### A.  The state-court proceedings are ongoing.

State-court proceedings are considered to be "ongoing" until "a lower state court issues a judgment and the losing party allows the time for appeal to expire." *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006) (internal quotation marks and citation omitted) (discussing when a state-court decision is final under the *Rooker-Feldman* doctrine). "The time frame for this determination is when the federal action was filed." *Dauwe v. Miller*, 364 Fed. App'x 435, 437 (10th Cir. 2010). In this case, Plaintiff's federal action was filed after the state-district court granted summary judgment and issued a decree of foreclosure in favor of Chase Home Finance, but the state-court proceedings were still ongoing because of the proposed reversal and remand.[1]  Because Plaintiff's federal action was filed while state-court foreclosure proceedings were ongoing, the Court concludes that the first prong of the *Younger* abstention doctrine is satisfied.

### B.  The state-court proceedings provide an adequate forum to hear the claims raised in the Plaintiff's federal complaint.

Although they cite several federal statutes as a basis for this Court's jurisdiction, (*see* Compl. at 45, ¶¶ 17-18), it does not appear that Plaintiff alleged sufficient facts to support the federal statutory claims in their federal suit.  "Typically, a plaintiff has an adequate opportunity to raise

_____

[1] Plaintiff has since filed an "Affidavit," dated December 24, 2012 and filed on January 2, 2013, indicating that she has "decided to stop the appeal case." (Doc. 35, at ¶ 8.)  Plaintiff attaches to her Affidavit a "Notice of Withdrawal of the Appeal," albeit without any file-stamp from the New Mexico Court of Appeals.  (*Id*. at 3.)  However, because the time frame for determining the application of *Younger* is when the federal action was filed, *Dauwe v. Miller*, 364 Fed. App'x at 437, Plaintiff's recent withdrawal of appeal with the New Mexico Court of Appeals does not affect the Court's analysis under *Younger*.

federal claims in state court 'unless state law clearly bars the interposition of the [federal statutory]

and constitutional claims.'" *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211,

1215 (10th Cir. 2003) (quoting *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999)).

Here, the record is clear that the Plaintiff raised the same issues, defenses, and claims in this federal

case as he raised in the state-court foreclosure proceedings.   And even if some of his defenses to

foreclosure were not raised in the state-court proceedings, the "pertinent issue is whether [the

plaintiff's] [federal] claims *could have been* raised in the pending state proceedings." *J.B. ex. rel.

Hart*, 186 F.2d at 1892 (emphasis in original; first set of brackets added; internal quotation marks

omitted).  Plaintiff bore the burden to establish that state law barred the presentation of his federal

claims, but he has not done so.  *See id.*  Because Plaintiff has not demonstrated that his federal

claims are barred in the state-court foreclosure proceedings, the Court concludes that the second

prong of the *Younger* abstention doctrine is satisfied.

   **C.   The state-court foreclosure proceedings involve important state interests that
traditionally look to state law for their resolution.**

   The United States Supreme Court has noted that "the general welfare of society is involved

in the security of the titles to real estate" and the power to ensure that security "inheres in the very

nature of [state] government."  *BFP v. Resolution Trust Corp.*,  511 U.S. 531, 544 (1994) (internal

quotation marks omitted) (holding "that a fair and proper price, or a 'reasonably equivalent value,'

for foreclosed property, is the price in fact received at the foreclosure sale, so long as all the

requirements of the State's foreclosure law have been complied with").  The Tenth Circuit Court of

Appeals held that the third prong of the *Younger* abstention doctrine was satisfied in a federal quiet-

title suit, asking "what more important state interest is there for the state court to address than the

enforcement of its method of registering good title to privately owned lands within the state?"

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997); *cf. Lambeth v. Miller*, No. 09-3027, 363 Fed. App'x 565, 568, 2010 WL 299244, \*\*2 (10th Cir. Jan. 27, 2010) (holding that "zoning and nuisance abatement issues are traditional state law matters that implicate important state interests, satisfying the third condition" of the *Younger* abstention analysis).  The Tenth Circuit has further recognized in dicta that a federal suit challenging a state-court foreclosure sale "could [not] pass muster" under the *Younger* abstention doctrine.  *DCR Fund I, LLC  v. TS Family Ltd. P'ship*, No. 05-6232, 261 Fed. App'x 139, 145-46, 2008 WL 196298, \*\*5-6 (10th Cir. Jan. 24, 2008) (holding that the district court properly refused to consider the defendants' request for injunctive relief to halt a foreclosure sale and claims for conspiracy, abuse of process, and conversion associated with that sale).  Thus, the district courts in this circuit and other circuits consistently have held that abstention under the *Younger* doctrine is mandatory when a federal action implicates title to real property and state-court foreclosure proceedings are ongoing.  *See, e.g., Barefoot, et al., v. Onewest Bank, FBS, et al.*, No. 11-CV-0038 JB/LFG, Doc. No. 10 (D.N.M. Feb. 23, 2011) (adopting the magistrate judge's report recommending abstention under the *Younger* doctrine where the plaintiffs requested a TRO and preliminary injunction to halt a foreclosure sale); *Beeler Prop., LLC v. Lowe Enter. Residential Investors, LLC*, No.07-CV-00149-MSK-MJW, 2007 WL 1346591, at \*3 (D. Colo. May 7, 2007) (holding that "[a]ctions that challenge the [foreclosure] order and process are proceedings involving important state interests concerning title to real property located and determined by operation of state law"); *Mayeres v. BAC Home Loans*, No. 10-44816 MBK, ADV. 11-1516 MBK, 2011 WL 2945833, \*4 (Bankr. D.N.J. Jul 21, 2011) (abstaining under *Younger* doctrine because "matters presented in the Complaint are clearly the subject of a pending state foreclosure matter . . . [and the plaintiff's] claim that the mortgage interest is invalid is a core issue in that state litigation. Additionally, the State of New Jersey has an important interest in determining title to real

property located and governed by state law."); *Beck v. Wells Fargo Bank*, No. 10–4652, 2011 WL

3664287 (E.D.Pa. Aug. 19, 2011) (abstaining from actions seeking to enjoining state foreclosure

because "[t]he state has an important interest in resolving disputes related to real property located

within its jurisdiction, as such disputes implicate matters primarily governed by state law" and

"failure to abstain would unduly interfere with the state court's ability to manage the mortgage

foreclosure action, a proceeding which 'traditionally is handled in state court.'  *Nat'l City Mortgage*

*Co. v. Stephen*, 09–1731, 647 F.3d 78, 2011 WL 2937275, at *7 (3d Cir. July 22, 2011)"); *Bank of*

*America v. Sharim, Inc*., No. 10 Civ. 7570(PAC), 2010 WL 5072118 at **3-4 (S.D.N.Y. Dec. 13,

2010) (abstaining under the *Colorado River* abstention doctrine).

Plaintiff's Complaint, which asks this Court to adjudicate his right and title to the subject

property, implicates an important state interest controlled by state foreclosure law.  Because all three

factors mandating abstention exist in this case, the Court concludes that it must abstain from

exercising jurisdiction over Plaintiff's action pursuant to the *Younger* abstention doctrine.

## D.  Remedy

A court that must abstain from exercising its jurisdiction under *Younger* should dismiss

without prejudice a complaint seeking injunctive or declaratory relief.  *See D.L. v. Unified Sch. Dist.*

*No. 497*, 392 F.3d at 1232; *Chapman v. Barcus*, No. 09-5085, 372 Fed. Appx. 899, 902, 2010 WL

1452490, **3 (10th Cir. 2010) (unpublished opinion).  If there are monetary-damages claims based

on alleged violation of federal rights, however, a stay of that part of the complaint is the proper

remedy.  *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d at 1228; *see Quackenbush v. Allstate Ins.*

*Co.*, 517 U.S. 706, 730 (1996) ("we have permitted federal courts applying abstention principles in

damages actions to enter a stay, but we have not permitted them to dismiss the action altogether").

Here, however, the Plaintiff does not allege that he has suffered monetary damages arising from the

violation of federal or statutory rights.  Instead, he contends that *if* his home is sold in the future in the foreclosure proceedings, he will be damaged by the loss of the home.  (*See* Compl. at 19.) Because the potential damage claims are associated only with future sale and eviction proceedings and have not yet occurred and there are no allegations supporting a claim for violation of federal or constitutional rights, there is no basis for staying any portion of the action.

**NOW, THEREFORE,** Defendant Chase Home Finance LLC's Motion to Dismiss [Doc.7] is GRANTED; Defendant Chase Home Finance LLC's Motion to File a Surreply [Doc. 33] is GRANTED; and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

_____
SENIOR UNITED STATES DISTRICT JUDGE